UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SANDRA MADINYA, on behalf of
herself and all others similarly situated,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

    Defendant.
_____/

Case No.
**CLASS REPRESENTATION
INJUCTIVE RELIEF SOUGHT
JURY TRIAL DEMAND**

## CLASS ACTION COMPLAINT

Plaintiff, SANDRA MADINYA (hereinafter "Madinya" or "Plaintiff"), by and through her undersigned attorneys, files this action against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "PRA" or "Defendant"), and alleges:

**I.  INTRODUCTION**

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.A. § 1692 et seq.

2. If a creditor fails to file suit to collect a debt within the applicable statute of limitations period, then the creditor has no right or ability to take legal action to collect on the debt.

3. However, section 95.04, Florida Statutes, along with interpretive case law, dictates that the right to file suit can be "revived" if the consumer later recognizes that debt by making even a modest payment. These legal authorities recognize the well-established principle under Florida law that, when a debt has become time-barred due to the running of

the statute of limitations, the debt may be revived and the debtor may be subjected to liability anew if the debtor subsequently acknowledges or promises to pay the time-barred debt.[1]

4.  To avoid creating such a misleading impression, the FTC stated that if a collector knows or should know that it is collecting on time-barred debt, then it must inform the consumer that "(1) the collector cannot sue to collect the debt and (2) providing a partial payment would revive the collector's ability to sue to collect the balance." [2]

5.  Here, in direct contravention of the FDCPA, Defendant PRA attempts to lure unsuspecting consumers into making modest payments on time-barred debts so that its legal rights can be revived.

6.  This action arises out of the illegal manner in which PRA, a debt collector who purchases time-barred debts, attempts to collect time-barred debts without disclosing critical legal information. Specifically, PRA fails to disclose to consumers that providing a partial payment of a time-barred debt could revive the collector's ability to take legal action to collect the balance.

---

[1] *Baez v. LTD Fin. Servs., L.P.*, No. 615CV1043ORL40TBS, 2017 WL 1291070, at *2 (M.D. Fla. Apr. 7, 2017) citing Fla. Stat. § 95.04; *In re Stewart*, 215 B.R. 633, 636–37 (Bankr. M.D. Fla. 1997); *In re Kessler Mfg. Corp.*, 109 B.R. 516, 519 (Bankr. S.D. Fla. 1989); *Coker v. Phillips*, 103 So. 612, 614–15 (Fla. 1925); *Wassil v. Gilmour*, 465 So. 2d 566, 568 & n.5 (Fla. Dist. Ct. App. 1985); *Kitchens v. Kitchens*, 142 So. 2d 343, 345 (Fla. Dist. Ct. App. 1962).

[2] FEDERAL TRADE COMMISSION, REPAIRING A BROKEN SYSTEM: PROTECTING CONSUMERS IN DEBT COLLECTION LITIGATION AND ARBITRATION (2010) [*hereinafter* FTC LITIGATION REPORT 2010], available at http://www.ftc.gov/os/2010/07/.; *See, e.g., Jenkins v. Gen. Collection Co.*, 538 F. Supp. 2d 1165, 1173 (D. Neb. 2008) ("Voluntary payment of any part of principal or interest tolls the statute of limitations and a new right of action accrues after each payment."); *United States v. Glens Falls Ins. Co.*, 546 F. Supp. 643, 645 (N.D.N.Y. 1982) ("[A]t common law, part payment of a debt starts the statute of limitations running anew in that part payment is tantamount to a voluntary acknowledgment of the existence of the debt, from which the law implies a new promise to pay the balance."); *Young v. Sorenson*, 121 Cal. Rptr. 236, 237 (Ct. App. 1975) ("[P]art payment of a debt or obligation is sufficient to extend the bar of the statute. The theory on which this is based is that the payment is an acknowledgment of the existence of the indebtedness which raises an implied promise to continue the obligation and to pay the balance.").

7. PRA's misleading debt collection letters that offer various repayment plans violate the FDCPA's consumer protections., particularly under the "least sophisticated consumer" standard.

## II. PARTIES, JURISDICTION, AND VENUE

8. This Court has jurisdiction pursuant to 15 U.S.C.A. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper before this Court pursuant to 28 U.S.C.A. § 1391(b), because the acts and transactions giving rise to the Plaintiff's action occurred in this State and this district, the Plaintiff resides in this State and this district, and he Defendant transacts business in this State and this district.

10. Plaintiff, Sandra Madinya, is a natural person who resides in Davie, Florida. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. Defendant PRA, is a "debt collector" as defined by 15 U.S.C. § l692a(6), and operates a nationwide debt collection agency from Norfolk, VA. PRA is registered as a debt collector with the state of Florida, and its website advises that "PRA was founded in 1996 and is one of the nation's largest debt collectors." (*See* www.portfoliorecovery.com. Last visited 5/3/2018) Additionally, PRA's correspondence to Plaintiff and the Class expressly state: "This communication is from a debt collector and is an attempt to collect a debt."

## III. FACTUAL ALLEGATIONS

12. Plaintiff allegedly incurred a "consumer debt" to Capital One Bank, N.A., as that term is defined under 15 U.S.C. § 1692a(5).

13. Plaintiff's debt was allegedly delinquent, in default, or considered to be in default, at the time PRA was assigned to collect the debt.

14. On or about February 21, 2018, PRA sent Plaintiff a Collection Letter (hereinafter referred to as the "Collection Letter") attached hereto as Exhibit "A," which seeks to collect a consumer debt incurred for personal, family or household use. Plaintiff utilized the credit card at issue to purchase household items, such as gasoline, groceries etc. Exhibit "A" appears to be a "form" Collection Letter, generated by a computer and routinely sent to many individuals. Plaintiff received the Collection Letter shortly after it was mailed.

15. At the time PRA sent Plaintiff the Collection Letter, the lender's legal remedy for collecting on Plaintiff's debt had already expired. Simply stated, Plaintiff's debt had become "time-barred," since the statute of limitations period had already expired at the time it sent the Collection Letter.

16. Despite this fact, PRA still attempted to collect Plaintiff's time-barred debt through issuance of the Collection Letter. Upon information and belief, PRA purchased Plaintiff's time-barred debt for pennies on the dollar, and to PRA, any payment by Plaintiff would provide an immediate positive return on its investment.

17. The Collection Letter states, in pertinent part:

> **We know life happens. And at times, customers may fall behind on financial commitments. We understand. You may have debt, but you also have options. Please contact us. We are standing by and ready to help.**
>
> **SETTLEMENT IN FULL OFFER**
>
> **1 payment of $1,415.66**
>
> **Your account will be considered "paid in full" after your final payment is successfully completed.**

18. PRA also offered Plaintiff installment plans as follows:

> **PAYMENT PLAN OFFERS**
>
> **6 monthly payments of $235.95.**
>
> **12 monthly payments of $117.97**

**Pay $214.48 for 3 consecutive months and SAVE $772.22**

**Pay $108.04 for 6 consecutive months and SAVE $767.42**.

19. PRA advised Plaintiff that "Your first payment must be received by 04/06/2018."

20. PRA advised that "the law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau." *See* Exhibit "A."

21. In Florida, the right to file suit can be "revived" if the consumer later recognizes the debt by making a partial payment on the debt.

22. Although it is not improper for a debt collector to seek re-payment of time-barred debts, the debt collector must take caution with the language it uses in its communications that seek to collect such debts. The FTC requires debt collectors, including debt buyers, to make disclosures to prevent deception in collecting on time-barred debts.

23. Here, PRA knows that Plaintiff's debt is time-barred because it includes language in its Collection Letter referencing the age of the debt and stating that, "you will not be sued for the debt." However, it intentionally offers alternative payment plans that may legally affect the nature of the time-barred debt. Specifically, the Collection Letter fails to disclose the fact that paying even a small amount on a time-barred debt could "revive" the debt and allow PRA to file suit for the entire balance.

24. In order to avoid creating a misleading impression as to the consequences of making a partial payment on a time-barred debt, the FTC takes the position that in addition to disclosing that the debtor cannot be sued on the debt, debt buyers and debt collectors must disclose to the consumer that providing a partial payment would revive the collector's ability to pursue legal action to collect the entire balance. This is especially true when a consumer makes only one or a

few partial payments, thereby giving PRA or its assignees (debts like these are frequently bought and sold) the ability to revive the debt and sue on the balance.

25. Because PRA's Collection Letter fails to disclose the potential for revival of the debt, it is misleading, unfair, and deceptive, in violation of the FDCPA.

26. Plaintiff has retained the undersigned counsel and is obligated to pay reasonable attorney's fees for services rendered.

## IV. CLASS ACTION ALLEGATIONS

27. This is a class action on behalf of ordinary people. The purpose of this action and the underlying law is not to say that consumers should not be held accountable for their debts, but rather, the purpose of this action is to hold Defendant accountable for its intentional conduct.

28. As such, Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the Classes of similarly situated individuals defined as follows:

> **All consumers in the state of Florida who were sent a Collection Letter from PRA substantially similar or materially identical to the Letter delivered to Plaintiff (Exhibit A), within the applicable limitations period.**

29. **Class Period:** The Class Period for purposes of this Complaint is one (1) year prior to the filing of this Complaint, through the date notice of class certification is issued to the Class.

30. **Class Exclusions:** The following people are excluded from the Classes: 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the Classes; 4) the

legal representatives, successors, or assigns of any such excluded persons; 5) Plaintiff's counsel and Defendant's counsel.

31.     **Numerosity:** The exact number of the Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Based on information and understanding, Defendant has sent collection letters to thousands of consumers who fall into the definition of the Class. Members of the Classes can be identified, and Class membership ascertained, objectively through Defendant's records.

32.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Classes in that, Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct and improper collection Letters. PRA uses form collection letters that are routinely sent to consumers with time-barred debts. The claims of the Plaintiff and of the Plaintiff Class originate from the same conduct, practice, and procedure. Plaintiff possesses the same interests and has suffered the same injuries as each Class member. There are no individual facts which distinguish the Plaintiff from other Class members that received debt collection Letters for time-barred debts from PRA.

33.     **Commonality and Predominance:** There are numerous questions of law and fact common to the claims of Plaintiff and the Classes, and those questions go to the heart of the case and predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)     Whether PRA violated 15 U.S.C. § 1692e(2) and e(10) by sending Collection Letters which fail to disclose that providing a partial payment could revive the collector's ability to take legal action to collect the balance of an otherwise time-barred debt; and

(b)     Whether PRA violated 15 U.S.C. § 1692f(1) by sending Collection Letters which fail to disclose that providing a partial payment could revive the collector's ability to take legal action to collect the balance of an otherwise time- barred debt.

34.     **Adequacy Representation:** The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Plaintiff Class because she has no interest antagonistic to the class she seeks to represent, and because the adjudication of her claims will necessarily decide the identical issues for other class members. Whether PRA's debt collection letter sent to Plaintiff violates the FDCPA is an issue that will be decided for all other consumers with identical letters.  There is nothing peculiar about the Plaintiff's situation that would make her inadequate as a class representative. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

35.     **Superiority & Manageability:** A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages are capped at $1,000.00More importantly, the vast majority of Class members are not aware that the debt collection letters used by PRA violate the FDCPA, and a class action is the only viable means of adjudicating their individual rights. There will be no difficulty in the management of this litigation as a class action as the legal issues at issue are a standardized pattern of conduct by PRA and class actions are commonly used in such circumstances.

36. **Implied Requirement of Ascertainability:** The information necessary to properly manage and prosecute this class action, including the number of class members and their information, will be easily ascertained through PRA's records.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
## (15 U.S.C.A. § 1692e and 1692f)

37. Plaintiff reaffirms, realleges, and incorporates by reference paragraphs 1 through 36 above as if fully set forth herein.

38. The FDCPA was enacted to protect all consumers from debt collectors who seek to collect debts through illegal means and who engage in unfair and/or deceptive practices during the collection of a debt.

39. At all material times herein, Plaintiff and Class members were "consumers" as defined by 15 U.S.C. § 1692a(3), since they are natural persons allegedly obligated to pay a consumer debt.

40. At all material times herein, Plaintiff's debt and the debts of the Class members were "debts" as defined by§ 1692a(5).

41. At all material times herein, PRA was a "debt collector" as defined by § 1692a(6). PRA's correspondence to Plaintiff and the Class expressly state: "This communication is from a debt collector."

42. PRA sent Plaintiff and all Class members a similar, if not identical Collection Letter.

43. For purposes of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test. See *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172–75 (11th Cir. 1985).

44. FDCPA 15 U.S.C.§ 1692e states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2)  The false representation of -
>
>   (A)  the character, amount, or legal status of any debt
>
>   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer,
>
> 15 U.S.C.A. § 1692e, e(2)(A) and e(10).

45. FDCPA section 1692f states in pertinent part that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

46. PRA's collection letter is deceptive to the least sophisticated consumer as a matter of law.

47. PRA relies on its Collection Letters to mislead and confuse consumers into paying amounts (whether lawful or unlawful) on time-barred debts.

48. Although it may not be automatically improper for PRA to seek re-payment of Plaintiff's and other Class members' time-barred debts, PRA is required to exercise caution when doing so. In order to avoid creating a misleading impression as to the consequences of making a partial payment on a time-barred debt, the FTC requires that debt buyers and debt collectors adequately disclose that providing a partial payment could revive the collector's ability to pursue legal action to collect the balance.

49. Because PRA's Collection Letters offer two alternative partial payment plans, PRA has created a misleading impression by failing to disclose clearly and prominently the effect of

paying on a time-barred debt and that making a payment on the time-barred debt could revive the debt.

50. By failing to disclose that providing a partial payment could revive the collector's ability to take legal action to collect the balance, PRA has violated 15 U.S.C. § 1692e, which prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt."

51. In addition, PRA's Collection Letter violates 15 U.S.C. § 1692e(10), which prohibits "[t)he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

52. Moreover, PRA's Collection Letter uses unfair or unconscionable means to collect or attempt to collect any debt in violation of section l692f(1), in that it fails to disclose the adverse effects of making partial payment toward the time-barred debt.

53. As a direct and proximate result of PRA's violations, Plaintiff and Class members have been harmed. Plaintiff and Class members are entitled to actual and statutory damages under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

54. Plaintiff has retained the undersigned attorneys for the purposes of pursuing this matter against PRA's and is obligated to pay her attorneys a reasonable fee for services.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter an Order:

a. Certifying this action as a class action as provided by Fed. R. Civ. P. 23, appointing Plaintiff as class representative, and appointing the undersigned as Class Counsel;

b. Adjudging that PRA violated the FDCPA sections enumerated above, and awarding Plaintiff and Class members actual damages and statutory damages (in the amount of $1,000.00 per class member) pursuant to 15 U.S.C. § 1692k;

c. Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

d. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

e. Issuing an injunction preventing PRA from continuing to send communications without properly notifying consumers; and

f. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

Respectfully Submitted this 18th day of May, 2018, by:

| ZEBERSKY PAYNE, LLP | CONSUMER LAW ORGANIZATION, P.A. |
|---|---|
| 110 S.E. 6th Street, Suite 2150 | 721 US Highway 1, Suite 201 |
| Fort Lauderdale, FL 33301 | North Palm Beach, Florida 33408 |
| Telephone: (954) 595-6060 | Telephone: (561) 822-3446 |
| Facsimile: (954) 989-7781 | Facsimile: (305) 574-0132 |
| | |
| */s/ Jordan A. Shaw* | */s/ J. Dennis Card Jr.* |
| JORDAN A. SHAW, ESQ. | J. DENNIS CARD, JR., ESQ. |
| Fla. Bar No.: 117771 | Fla Bar No.: 0487473 |
| jshaw@zpllp.com | dennis@cloorg.com |
| mperez@zpllp.com | DARREN R. NEWHART, ESQ. |
| KIMBERLY A. SLAVEN, ESQ. | Fla. Bar No.: 0115546 |
| Fla. Bar No.: 117964 | darren@cloorg.com |
| kslaven@zpllp.com | |