UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61138-BLOOM/Valle

SANDRA MADINYA, on behalf of
herself and all others similarly situated,

    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS AND MOTION TO TRANSFER

**THIS CAUSE** is before the Court upon Defendant Portfolio Recovery Associates, LLC's ("PRA" or "Defendant") Motion to Dismiss Complaint with Incorporated Memorandum of Law, ECF No. [15] (the "Motion to Dismiss") and Motion to Transfer Related Case with Incorporated Memorandum of Law, ECF No. [17] (the "Motion to Transfer"). The Court has carefully reviewed the record, the parties' briefs, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motions are denied.

**I.    BACKGROUND**

Plaintiff Sandra Madinya ("Plaintiff") filed this putative class action against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), stemming from a letter sent to Plaintiff on February 21, 2018 to collect on a time-barred debt. *See* ECF Nos. [1] ("Complaint"), [1-1] ("Letter"). The Letter states "We know life happens. And, at times, customers may fall behind on financial commitments. We understand. You may have debt, but you also have options. Please contact us. We are standing by and ready to help." ECF No. [1-1] at 1; *see also* ECF No. [1] ¶ 17. The Letter goes on to offer two "Account Offers": "Pay the Full Balance" or "Choose a

Savings Plan." ECF No. [1-1]; *see also* ECF No. [1] ¶ 18. The Letter states "Your first payment must be received by: 04/06/2018." *Id.*; *see also* ECF No. [1] ¶ 19.

The Letter contains two disclaimers. First, it states:

> The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment to a credit bureau.

*Id.*; *see also* ECF No. [1] ¶ 20 (which the Court will refer to as the "Disclaimer Language"). It further informs Plaintiff that "[t]his communication is from a debt collector and is an attempt to collect on a debt. Any information obtained will be used for that purpose." *Id.*

Plaintiff alleges that she used a Capital One Bank, N.A., credit card to purchase household items, incurring a consumer debt under 15 U.S.C. § 1692a(5). ECF No. [1] ¶ 12-14. Defendant was assigned to collect the debt. *Id.* ¶ 13. At the time she received the Letter in the mail related to the Capital One credit card debt, the debt was time-barred. *Id.* ¶ 15. Plaintiff alleges that the letter violates the FDCPA because it fails to disclose to Plaintiff that should she make a partial payment on the debt, Defendant's right to sue for the debt would be "revived" under Florida law. *Id.* ¶¶ 21-24. The Complaint further includes allegations on behalf of a putative class of "[a]ll consumers in the state of Florida who were sent a Collection Letter from PRA substantially similar or materially identical to the Letter delivered to Plaintiff . . . , within the applicable limitations period." *Id.* ¶ 28.

Based on these allegations, Plaintiff alleges in a single count violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f. *Id.* ¶¶ 37-52. According to Plaintiff, although it may not be improper for Defendant to seek repayment for a time-barred debt, in doing so, Defendant must avoid creating a misleading impression regarding the consequences of making partial payment on a time-barred debt, and clearly and prominently disclose that partial payment

would revive the statute of limitations. Defendant seeks to dismiss the Complaint, arguing that it fails to state a claim under the FDCPA, and that in any event, Defendant is protected by the safe harbor provision in the FDCPA. *See* ECF No. [15]. Defendant also seeks a transfer, based upon similarities between the instant case and *Gomes v. Portfolio Recovery Associates, LLC*, Case No. 18-cv-21872, currently pending before Judge Altonaga. Upon review, the Court denies Defendant's request to transfer this case, and proceeds to the merits of its arguments for dismissal.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in

favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).

**III.    ANALYSIS**

The FDCPA seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers, and prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f; *see* 15 U.S.C. § 1692e; *Owen v. I.C. Sys.*, 629 F.3d 1263, 1270 (11th Cir. 2011). "In order to prevail on an FDCPA claim, Plaintiff must establish that: (1) he was the object of collection activity arising from consumer debt; (2) Defendant qualifies as a 'debt collector' under the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA." *Dunham v. Lombardo, Davis & Goldman*, 830 F. Supp. 2d 1305, 1306-07 (S.D. Fla 2011) (citing *Wise v. Cach*, No. 09-80972-CIV, 2010 WL 1257665, at *2 (S.D. Fla. Mar. 26, 2010)). Defendant does not dispute that Plaintiff was the object of collection activity arising from consumer debt, or that it qualifies

as a debt collector under the FDCPA. The issue before the Court is whether Defendant engaged in an act or omission prohibited by the FDCPA.

Section 1692e(2)(A) prohibits false representations about "the character, amount, or legal status of any debt." Similarly, § 1692e(10) prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Moreover, the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. To determine whether a representation violates the FDCPA, the Court must view a defendant's actions through the eyes of the "least sophisticated consumer." *Jeter v. Credit Bureau. Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).

> The 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and willingness to read a collection notice with some care. However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.

*LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (internal quotations and citations omitted). In general, while the "least sophisticated consumer" analysis "is best left to [a] jury," *id.* at 1195, the determination of whether a plaintiff alleges sufficient facts to state a claim under § 1692e is a question of law for the Court. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F3d 1268, 1274 (11th Cir. 2016) (internal citation omitted).

Here, Plaintiff's claimed FDCPA violation is the failure to disclose that partial payment upon a time-barred debt revives the statute of limitations, and she maintains that such failure would mislead the least sophisticated consumer to make a payment on an otherwise time-barred

debt. Defendant seeks dismissal for failure to state a claim, arguing that the Letter would not mislead the "least sophisticated consumer" because it informs the debtor of the statute of limitations, and disclaims the right to sue through the Disclaimer Language. Defendant's argument fails for two reasons. First, Defendant's reliance on *Valle v. First Nat'l Collection Bureau, Inc.*, 252 F. Supp. 3d 1332 (S.D. Fla. 2017), for the contention that the inclusion of the Disclaimer Language in the Letter insulates it from the Plaintiff's FDCPA claim is misplaced. Unlike the Letter at issue in this case, the collection letter in *Valle* expressly disclosed the legal effect of making a payment on the debt, stating, "[i]n many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay." *Valle*, 252 F. Supp. 3d at 1339. The Letter in this case contains no such language. Thus, *Valle* does not support Defendant's position.

In addition, several of the other cases the Defendant relies upon similarly involve letters containing distinguishable language. *See Boedicker v. Midland Credit Mgmt., Inc.*, 227 F. Supp. 3d 1235, 1237 (D. Kan. 2016) (granting summary judgment, where collection letter stated that the effect of non-payment was continued reporting to credit reporting agencies); *Burgess v. Portfolio Recovery Assocs., LLC*, No. 16-1463 DSF (FFMx), 2017 WL 2471802, at *4 (C.D. Cal. Mar. 23, 2017) (same); *Genova v. Total Card, Inc.*, 193 F. Supp. 3d 360, 363 (D.N.J. 2016) (granting motion to dismiss, where collection letter stated that effect of non-payment would be continued reporting to credit reporting agencies of debt as unpaid); *Olsen v. Cavalry Portfolio Servs., LLC*, No. 8:15-cv-2520-T-23AAS, 2016 WL 4248009, at *1 (M.D. Fla. Aug. 11, 2016) (same). Moreover, the remaining cases relied upon by Defendant are also distinguishable. *See Miran v. Convergent Outsourcing Inc.*, No. 16-CV-0692-AJB-(JMA), 2016 WL 7210382, at *3

n.2 (S.D. Cal. Dec. 13, 2016) (granting judgment on the pleadings, where plaintiff failed to assert claim based upon revival of the statute of limitations upon payment of time-barred debt); *Cohen v. Dynamic Recovery Sols.*, No. 16-576, 2016 WL 4035433, at *4 (D.N.J. July 26, 2016) (granting judgment on the pleadings because mere partial payment is insufficient to restart the statute of limitations under New Jersey law); *Filgueiras v. Portfolio Recovery Assocs., LLC*, No. No. 15-8144 (JLL) (SCM), 2016 WL 1626958, at *11 n.9 (D.N.J. Apr. 25, 2016) (granting motion to dismiss after plaintiff abandoned argument regarding statute of limitations); *Ehrich v. Convergent Outsourcing, Inc.*, No. 1:15-cv-22796-KMM, 2015 WL 6470453, at *1 (S.D. Fla. Oct. 28, 2015) (granting motion to dismiss, where letter failed to indicate time-barred status of debt).

Second, at this juncture, Defendant's argument fails because the "least sophisticated consumer" analysis is an issue of fact not suitable for disposition upon a motion to dismiss. *See LeBlanc*, 601 F.3d at 1195 (the determination of whether a letter constitutes a threat under this standard "is best left to jury decision."); *see also Newman v. Ormond*, 456 F. App'x 866, 868 (11th Cir. 2012) ("where the parties agree on the basic facts of the case, but reasonably disagree upon the proper inferences to be drawn from the debt collector's actions, there exists a genuine issue of material fact that should be determined by the trier of fact and not by the court in a summary judgment context."). Indeed, "[d]ismissal is appropriate only when it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" *McMahon v. LVNV Funding LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (citation omitted). Upon review, and viewing the facts alleged in the light most favorable to the Plaintiff, the Complaint states a plausible claim under the FDCPA because the Disclaimer Language in the Letter disclaiming the intent to sue, followed by payment plan options that could restart the

statute of limitations—without disclosing that fact—could mislead the least sophisticated consumer into taking action that would restart the statute of limitations on an otherwise time-barred debt.

The Court notes, however, that Plaintiff affirmatively alleges in the Complaint that,

> [s]ection 95.04, Florida Statutes, along with interpretive case law, dictates that the right to file suit can be 'revived' if the consumer later recognizes that debt by making even a modest payment. These legal authorities recognize the well-established principle under Florida law that, when a debt has become time-barred due to the running of the statute of limitations, the debt may be revived and the debtor may be subjected to liability anew if the debtor subsequently acknowledges or promises to pay the time-barred debt.

Compl., ECF No. [1] at ¶ 3. This allegation is a legal conclusion, which the Court need not construe in favor of Plaintiff, and raises the question of whether Plaintiff's conclusion is an accurate statement of Florida law. In support of her conclusion, Plaintiff cites *Baez v. LTD Fin. Servs., L.P.*, No. 6:15-cv-1043-Orl-40-TBS, 2017 WL 1291070, at *2 (M.D. Fla. Apr. 7, 2017), *In re Stewart*, 215 B.R. 633, 636-37 (Bankr. M.D. Fla. 1997), *In re Kessler Mfg. Corp.*, 109 B.R. 516, 519 (Bankr. S.D. Fla. 1989), *Coker v. Phillips*, 103 So. 612, 614-15 (Fla. 1925), *Wassil v. Gilmour*, 465 So. 2d 566, 568 & n.5 (Fla. Dist. Ct. App. 1985), *Kitchens v. Kitchens*, 142 So. 2d 343, 345 (Fla. Dist. Ct. App. 1962).

Yet, Plaintiff's conclusion may not constitute an accurate statement of the law in Florida. *See Lopera v. Midland Credit Mgmt., Inc.*, No. 8:16-cv-1448-T-33JSS, 2016 WL 6650744, at *5 (M.D. Fla. Nov. 10, 2016) (acknowledging that Florida law is not clear regarding the revival of time-barred debt by partial payment). Upon review, the cases cited by Plaintiff stand for the proposition that the statute of limitations on a barred debt may be revived if the requirements of Florida Statutes § 95.04 are met, and the acknowledgment or promise to pay an otherwise barred debt is unconditional and indicates a willingness to pay. In addition, Plaintiff's allegation lacks

the final critical language from the quote lifted directly from *Baez* that the acknowledgment or promise to pay must be "in a signed writing." 2017 WL 1291070, at *2. Under Florida law, "[a]n acknowledgment of, or promise to pay, a debt barred by a statute of limitations *must be in writing and signed by the person sought to be charged*." Fla. Stat. § 95.04 (emphasis added). Thus, "[a] payment on a debt barred by the statute of limitations without an acknowledgment of the balance of the debt as existing and a willingness to pay the debt will not take it out of the statute. *Woodham v. Hill*, 83 So. 517, 524 (Fla. 1919). As a result, if a time-barred debt cannot be revived by partial payment alone under Florida law, then the least sophisticated consumer could not be misled by omission of language regarding the potential consequences of such payment. *Lopera*, 2016 WL 6650744, at *5; *see also Trichell v. Midland Credit Mgmt., Inc.*, No. 4:18-cv-00132-ACA, 2018 WL 4184570, at *4-5 (N.D. Ala., Aug. 31, 2018) (dismissing complaint where letter contained identical disclaimer language and partial payment alone does not revive statute of limitations on a time-barred debt under Alabama law).

Nevertheless, the Court recognizes that Defendant did not raise this argument in the Motion to Dismiss, and the Court will not entertain it by implication. "On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez-Arriola v. White Wilson Med. Ctr. PA*, No. 09-495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it[.]" *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir.1995).

Defendant next argues that the Complaint should be dismissed because Defendant is entitled to protection under the FDCPA's safe harbor provision in 15 U.S.C. § 1692k(e), because

in fact, the Disclaimer Language included in the Letter has been approved and required by the Consumer Financial Protection Bureau ("CFPB"). The FDCPA safe harbor provision states in pertinent part,

> [n]o provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Bureau, notwithstanding that after such act or omission has occurred, such opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

15 U.S.C. § 1692k(e). Defendant particularly emphasizes a 2015 consent order from *Portfolio Recovery Assocs., LLC*, CFPB No. 2015-CFBP-0023 (Sept. 9, 2015) (the "Consent Order").[1] While instructive, the Consent Order is not binding on this Court. *See Christensen v. Harris Cty.*, 529 U.S. 576, 587 (2000) ("interpretations contained in formats such as opinion letters are 'entitled to respect,' . . . but only to the extent that those interpretations have the 'power to persuade.'") (internal citation omitted); *Valle*, 252 F. Supp. 3d at 1341. According to Defendant, the Disclaimer Language in this case is the precise language approved by the CFPB in the Consent Order. Plaintiff highlights in response that the Consent Order also states that Defendant is prohibited from "[m]aking any representation or statement, or taking any other action that interferes with, detracts from, contradicts, or otherwise undermines" the required disclosure stated in the Letter. *See* Consent Order at 39 ¶ 127. Thus, the terms of the Consent Order are subject to interpretation, and whether or not Defendant's Letter complies with the Consent Order is an issue of fact once again not suitable for disposition upon a motion to dismiss.

---

[1] *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (court may take judicial notice of public filings "for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents"). The Consent Order is accessible online at https://files.consumerfinance.gov/f/201509_cfpb_consent-order-portfolio-recovery-associates-llc.pdf.

The Court is unpersuaded by Defendant's argument that CFPB's own research indicating that a disclosure regarding revival of the statute of limitations may confuse consumers and suggesting instead that the CFPB issue a regulation requiring collectors to actively waive the right to sue, should be dispositive in this case. *See* Consumer Financial Protection Bureau, CFPB Small Business Review Panel for Debt Collector and Debt Buyer Rulemaking, Outline of Proposals Under Consideration and Alternatives Considered (2016), at 19.[2]  As alleged by Plaintiff, notwithstanding the Disclaimer Language, Defendant's Letter may mislead the least sophisticated consumer to believe that partial payment is better than no payment at all, and entice unsuspecting consumers to make partial payments in order to revive its ability to pursue legal action.  While this may not be the only way to read Defendant's Letter, it is certainly a plausible interpretation.  The mere assertion that the law limits how long a consumer can be sued and that Defendant will not sue, does not communicate the legal reality that Plaintiff, by making a partial payment may revive the statute of limitations, and therefore, Defendant's right to sue.  As a result, contrary to Defendant's assertion, the language in the Letter does not entitle Defendant to protection under the FDCPA's safe harbor provision.

## IV.    CONCLUSION

For the reasons set forth, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. [15]**, and Motion to Transfer, **ECF No. [17]**, are **DENIED**. **Defendant shall file its Answer to the Complaint by September 28, 2018.**

---

[2]    The Report is accessible online at https://files.consumerfinance.gov/f/documents/20160727_cfpb_Outline_of_proposals.pdf.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 19th day of September, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record