UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 0:18-cv-61138-BB

SANDRA MADINYA, on behalf of
herself and all others similarly situated,

       Plaintiff,

vs.

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

       Defendant.
_____

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**
**WITH INCORPORATED MEMORANDUM OF LAW**

Defendant Portfolio Recovery Associates, LLC ("PRA"), by counsel, and pursuant to Federal Rule of Civil Procedure 12(c), moves for judgment on the pleadings because Plaintiff's claim fails as a matter of law. In support thereof, PRA states as follows:

**INTRODUCTION**

Plaintiff's allegation that a partial payment on a time-barred debt revives the statute of limitations is an inaccurate statement of Florida law. Rather, it is well-established that "[a]n acknowledgment of, or promise to pay, a debt barred by the statute of limitations *must be in writing and signed by the person sought to be charged*." Fla. Stat. § 95.04 (emphasis added). Accordingly, a time-barred debt cannot be revived on a consumer's partial payment alone.

Here, Plaintiff Sandra Madinya opened a credit card with Capital One Bank, which she used to purchase items such as gasoline and groceries. (Compl., D.E. 1, ¶¶ 12, 14.) After Plaintiff failed to pay, Capital One sold the account to PRA. (*Id.* at ¶¶ 13, 16.) On or about February 21, 2018, PRA sent Madinya a letter providing options to resolve her account. (*Id.* at ¶ 14; Ex. A to

Compl., D.E. 1-1). Specifically, the letter provided Madinya with some payment options and immediately below the options provided a disclosure stating: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau." (*Id.*) Plaintiff never paid anything toward her account.

Instead, Plaintiff filed this putative class action alleging that PRA's letter violates the FDCPA because it fails to disclose that making a payment might revive the statute of limitations. (Compl. ¶¶ 15, 21–24.) But, as this Court recognized, a time-barred debt cannot be revived by partial payment alone under Florida law. Accordingly, Plaintiff could not be misled by the omission of language regarding the potential consequences of such partial payment. For these reasons, Plaintiff's FDCPA claim fails as a matter of law and the Court should dismiss the action with prejudice.

## MEMORANDUM OF LAW

**A.     Legal Standard for Motion for Judgment on the Pleadings**

A motion for judgment on the pleadings is properly filed "[a]fter the pleadings are closed, but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Silver Creek Farms, LLC v. Fullington*, No. 16-80353-CIV, 2018 WL 1990522, at *1 (S.D. Fla. Feb. 15, 2018) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) (internal citations omitted); *Cunningham v. Dist. Att'y's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010). In deciding a motion for judgment on the pleadings, the facts in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *Id.* The court may consider

documents attached to the pleadings. *Silver Creek Farms*, 2018 WL 1990522, at *1 (citing *Horsely v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

**B.     Plaintiff's FDCPA claim fails as a matter of law.**

As this Court recognized, time-barred debt cannot be revived upon partial payment alone under Florida law.  Therefore, Plaintiff could not have been misled by the omission of language regarding the potential consequences of partial payment toward the debt.  *Madinya v. Portfolio Recovery Assocs., LLC*, No. 18-CV-61138, 2018 WL 4510151, at *5 (S.D. Fla. Sept. 20, 2018).

Under Florida law, "[a]n acknowledgment of, or promise to pay, a debt barred by the statute of limitations *must be in writing and signed by the person sought to be charged*." Fla. Stat. § 95.04 (emphasis added).  A "writing for the purpose of showing the acknowledgment of or promise to pay a debt barred by the statute of limitations must be certain, definite, and an acknowledgment of the existence of such indebtedness and a willingness to pay the same."  *Woodham v. Hill*, 78 Fla. 517, 521 (1919) (finding that a letter which enclosed a blank check did not constitute an acknowledgment of or promise to pay as required to revive a debt under Florida law).  "A payment on a debt barred by the statute of limitations without an acknowledgment of the balance of the debt as existing and a willingness to pay the debt will not take it out of the statute."  *Id.* at 524; *see also In re Stewart*, 215 B.R. 633, 636 (Bankr. M.D. Fla 1997) (finding that to revive a time-barred debt, a partial payment must be accompanied by a specific statement of the payment's purpose and an acknowledgment of the debt).

The court in *In Re Stewart* held that partial payment alone would not revive a debt under Florida law.  *Id.*  There, a letter sent by the debtor enclosing a $25.00 payment and stating "I greatly appreciate your patience. The $25.00 payment is enclosed. Thanks," with the debtor's signature did not constitute a written signed acknowledgment under the Florida statute.  *Id.*  The court

3

reasoned that "although the debtor made a partial payment on the debt, she did not specifically state the purpose of the payment," and therefore did not revive the debt. *Id.* The court also found that a housing application, signed by the debtor and listing the claimant as holding a mortgage, did not constitute an acknowledgment under the statute. *Id.* The court reasoned that "although it may recognize the existence of a past debt…[it did] not claim responsibility for it or acknowledge the amount." *Id.* Accordingly, "neither document standing alone [could] revive the debt." *Id.*

Here, because a time-barred debt cannot be revived by partial payment alone under Florida law, Plaintiff, or the least sophisticated consumer, could not be misled by omission of language regarding the potential consequences of such payment. *Madinya*, 2018 WL 4510151, at *5 (citing *Trichell v. Midland Credit Mgmt., Inc.*, No. 4:18-CV-00132-ACA, 2018 WL 4184570, at *4–5 (N.D. Ala. Aug. 31, 2018) (no misrepresentation because partial payment alone does not revive statute of limitations on a time-barred debt under Alabama law)); *Gunther v. Midland Credit Mgmt., Inc.*, No. 2:17-cv-704, 2018 WL 4621764, *9–10 (D. Utah Sept. 26, 2018) (no misrepresentation because partial payment alone does not revive statute of limitations on a time-barred debt under Utah law). Accordingly, the failure to disclose the potential consequence of a partial payment could not, under Florida law, mislead Plaintiff or the least sophisticated consumer and therefore cannot, as a matter of law, violate the FDCPA. Plaintiff's complaint should be dismissed.

C. **Plaintiff does not—and cannot—point to any authority supporting the legal theory underpinning her FDCPA claim.**

The cases Plaintiff relies on do not support her proposition that a partial payment may revive a time-barred debt under Florida law. In fact, these cases support the *opposite*—that a *signed writing* acknowledging, or promising to pay, a time-barred debt is required to revive a time-

4

barred debt under Florida law. *See* Compl. ¶ 3, n. 1 (*citing In re Stewart*, 215 B.R. at 636–37 (holding partial payment alone will not revive a time-barred debt); *In re Kessler Mfg. Corp.*, 109 B.R. 516, 519 (Bankr. S.D. Fla. 1989) (holding time-barred debt was not revived because there was no writing acknowledging the debt signed by the party to be charged); *Coker v. Phillips*, 103 So. 612, 614–15 (Fla. 1925) (holding under Florida law "every acknowledgment of, or promise to pay, a debt barred by the statute of limitations must be in writing and signed by the party to be charged"); *Wassil v. Gilmour*, 465 So. 2d 566, 568 & n.5 (Fla. Dist. Ct. App. 1985) (inapplicable because it involved a promise to pay the debt *before* the expiration of the statute of limitations); *Kitchens v. Kitchens*, 142 So. 2d 343, 345 (Fla. Dist. Ct. App. 1962) (holding that a *signed writing* is required to revive a time-barred debt).)

Plaintiff is left with *Baez v. LTD Fin. Servs., L.P.*, 2017 WL 1291070 (M.D. Fla. Apr. 7, 2017) —but even *that* case does not support Plaintiff's claim.[1]  The plaintiff in *Baez*, like here, based her FDCPA claim on the (incorrect) legal theory that a partial payment would revive a time-barred debt and that the collection letter at issue violated the FDCPA by failing to disclose that partial payment could revive the debt. *Id.* at *1. After the *Baez* court denied defendant's motion for judgment on the pleadings, defendant filed a motion for reconsideration contending that the court clearly erred when it found that the theory on which plaintiff premised her FDCPA claims—

---

[1] Notably, Plaintiff's complaint is nearly identical to the complaint filed in *Baez*. (*See* Dkt. No. 1, Case No. 15-cv-01043, Middle District of Florida).  Unlike Baez's complaint, however, Plaintiff here excludes references to *Cadle Co. v. McCartha*, 920 So. 2d 144 (Fla. 5th DCA 2006)—undoubtedly because the *Baez* court found that *Cradle* does not apply because it involved a partial payment of a debt made *before* the statute of limitations had run. *Baez*, 2017 WL 1291070, at *2 ("As the parties know, this case does not implicate the partial payment of a debt prior to the running of the statute of limitations, but the partial payment of a debt *after* the statute of limitations has already run.") (Emphasis in original.)

5

that a partial payment on a time-barred debt revives the debt—was an accurate statement of Florida law. *Id.*

The court denied that motion for reconsideration, in an opinion that is, frankly, perplexing. On the one hand, the court accurately stated Florida law: "[W]hen a debt has become time-barred due to the running of the statute of limitations, the debt may be revived and the debtor may be subjected to liability anew if the debtor subsequently acknowledges or promises to pay the time-barred debt in a *signed writing*." *Id.* at *2. Yet, on the other hand, the court found that "Plaintiff's legal theory of liability"—i.e., that partial payment alone can revive a time-barred debt—"is indeed an accurate representation of controlling Florida law." *Id.* The inconsistencies in the court's opinion cannot be reconciled. The court also appears to have misinterpreted defendant's argument when it stated that defendant contends "that it is entitled to judgment as a matter of law on Plaintiff's claims *due to Plaintiff's mistaken citation of authority in her pleading*." *Id.* at *1 (emphasis added). But that was not defendant's argument. Like here, defendant argued not only that plaintiff's citations to Florida law were inapplicable—but that the legal theory underlying plaintiff's FDCPA claim was based on an incorrect representation of Florida law. (*See* Defendant's Motion for Reconsideration, Dkt. No. 76, Case No. 15-CV-01043, Middle District of Florida). Accordingly, because plaintiff's legal theory was incorrect, plaintiff's claims failed as a matter of law. *Id.*

Despite the inexplicable outcome in *Baez*, even that case confirms that under Florida law, a partial payment alone cannot revive the time-barred debt. Accordingly, there was no misrepresentation or omission in PRA's letter, and Plaintiff's claim must be dismissed as a matter of law.

6

## **CONCLUSION**

For the foregoing reasons, Defendant Portfolio Recovery Associates, LLC respectfully requests that the Court grant its motion for judgment on the pleadings and enter an order dismissing the Complaint with prejudice.

Dated:  October 23, 2018                         Respectfully submitted,

By: /s/ *Sara F. Holladay-Tobias*
    Sara F. Holladay-Tobias
    Florida Bar No. 0026225
    stobias@mcguirewoods.com
    Brittney Lauren Difato
    Florida Bar No. 119476
    bdifato@mcguirewoods.com
    **MCGUIREWOODS LLP**
    50 N. Laura Street, Suite 3300
    Jacksonville, Florida 32202
    (904) 798-3200
    (904) 798-3207 (fax)
    Secondary Service Email:
    flservice@mcguirewoods.com

    David L. Hartsell (*pro hac vice*)
    Sarah A. Zielinski (*pro hac vice*)
    **MCGUIREWOODS LLP**
    77 West Wacker Drive, Suite 4100
    Chicago, IL 60601-1818
    (312) 849-8100
    dhartsell@mcguirewoods.com
    szielinski@mcguirewoods.com

*Attorneys and Trial Counsel for Defendant Portfolio Recovery Associates, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on October 23, 2018, which will send notice to the following:

> Jordan A. Shaw, Esq.
> Kimberly A. Slaven, Esq.
> Zebersky Payne, LLP
> 110 S.E. 6th Street, Suite 2150
> Fort Lauderdale, FL 33301
> jshaw@zpllp.com
> mperez@zpllp.com
> kslaven@zpllp.com

*Counsel for Plaintiff*

> J. Dennis Card, Jr., Esq.
> Darren R. Newhart, Esq.
> Consumer Law Organization, P.A.
> 721 US Highway 1, Suite 201
> North Palm Beach, FL 33408
> dennis@cloorg.com
> darren@cloorg.com

*Co-Counsel for Plaintiff*

>> */s/ Sara F. Holladay-Tobias*
>> Attorney

108031835_3.docx