UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61138-BLOOM/Valle

SANDRA MADINYA, on behalf of
herself and all others similarly situated,

    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendant.
_____/

## ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

**THIS CAUSE** is before the Court upon Defendant Portfolio Recovery Associates, LLC's ("PRA" or "Defendant") Motion for Judgment on the Pleadings, ECF No. [30] (the "Motion"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### I. BACKGROUND

Plaintiff Sandra Madinya ("Plaintiff") filed this putative class action against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), stemming from a letter sent to Plaintiff on February 21, 2018 to collect on a time-barred debt. *See generally*, ECF Nos. [1] ("Complaint"), [1-1] ("Letter"). At the time she received the Letter in the mail related to debt she incurred on a Capital One credit card, the debt was time-barred. *Id.* ¶ 15. Plaintiff contends that the letter violates the FDCPA because it fails to disclose to Plaintiff that should she make a partial payment on the debt, Defendant's right to sue for the debt would be "revived" under Florida law. *Id.* ¶¶ 21-24. Based on these allegations, Plaintiff alleges in a single count

violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f. *Id.* ¶¶ 37-52. According to Plaintiff, although it may not be improper for Defendant to seek repayment for a time-barred debt, in doing so, Defendant must avoid creating a misleading impression regarding the consequences of making partial payment on a time-barred debt, and clearly and prominently disclose that partial payment would revive the statute of limitations. *Id*. ¶ 4

Defendant previously sought to dismiss the Complaint, arguing that Plaintiff failed to state a claim under the FDCPA, and that in any event, Defendant is protected by the safe harbor provision in the FDCPA. *See* ECF No. [15]. The Court denied the Defendant's Motion to Dismiss. *See* ECF No. [28] ("Order"). The Court noted that although Plaintiff alleges in the Complaint that the right to file suit on a time-barred debt can be revived by partial payment under Florida law, Plaintiff's conclusory allegation may not constitute an accurate statement of the law in Florida. Order, ECF No. [28] at 8. Nevertheless, the Court observed that the Defendant had not made that particular argument in its Motion to Dismiss. Therefore, the Court declined to entertain it by implication. Defendant now moves for judgment on the pleadings, arguing that Plaintiff's statement of Florida law is incorrect, and therefore, that Plaintiff's FDCPA claim fails as a matter of law.

## II.     LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A party may move for judgment on the pleadings if there are no material facts in dispute. *See Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002). In rendering judgment, a court may consider the substance of the pleadings and any judicially noticed facts. *Cunningham v. Dist. Attorney's Office for Escambia*

*Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010). "A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011). As such, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Through this lens, the Court considers the instant Motion.

### III. ANALYSIS

In the Motion, Defendant argues that Plaintiff's FDCPA claim fails as a matter of law because partial payment of a time-barred date does not revive the statute of limitation under Florida law. In response, Plaintiff argues that partial payment may revive the statute of limitations, if accompanied by a writing. Response, ECF No. [31]. According to Plaintiff, the Letter features a payment coupon and requests a check from the consumer, which requires a signature. *Id.* at 6-7. Plaintiff therefore urges the Court to hold that the completion of the payment coupon (by filling in the amount paid), accompanied by a check, is sufficient to revive the statute of limitations. *Id.* However, this is not the theory pled in Plaintiff's Complaint. Rather, Plaintiff's theory is that the Letter was misleading for failing to disclose that paying even a small amount on a time-barred debt could revive the debt. ECF No. [1] ¶ 23. Thus, the Court

must determine whether partial payment alone is sufficient to revive the statute of limitations under Florida law. The salient facts are not in dispute: Plaintiff's debt was time-barred when she received the Letter from Defendant, though Plaintiff concedes that it is not presumptively improper for a debt collector to seek repayment of a time-barred debt.

At the outset, the Court notes that there is a legal distinction between payments or promises to pay made before expiration of the statute of limitations, and those made subsequent to expiration. A promise to pay or a partial payment made before running of the statute will serve to restart the statute. *See Jacksonville v. Am. Pub. Co. v. Jacksonville Paper Co.*, 197 So. 672, 677 (Fla. 1940) ("A promise to pay or a part payment tolls the running of the statute of limitations, if made prior to the running of the statute."); *Kitchens v. Kitchens*, 142 So. 2d 343, 345 (Fla. Dist. Ct. App. 1962) (same); *Wassil v. Gilmour*, 465 So. 2d 566, 568 (Fla. Dist. Ct. App. 1985) (same); *see also Cadle Co. v. McCartha*, 920 So. 2d 144, 145 (Fla. 5th DCA 2006) ("Prior to the 1974 enactment of section 95.051, Florida Statutes, Florida law had long recognized that the statute of limitations on a pre-existing debt would be tolled through the date of any new promise to pay the debt . . . as long as the promise was made prior to the expiration of the limitations period."); Fla. Stat. § 95.051(1)(f) ("The running of the time under any statute of limitations . . . is tolled by: [t]he payment of any part of the principal or interest of any obligation or liability founded on a written instrument.").

By contrast, once the statute of limitations has expired, "[a]n acknowledgment of, or promise to pay, a debt barred by a statute of limitations *must be in writing and signed by the person sought to be charged*." Fla. Stat. § 95.04 (emphasis added). Thus, "[a] payment on a debt barred by the statute of limitations without an acknowledgment of the balance of the debt as existing and a willingness to pay the debt will not take it out of the statute. *Woodham v. Hill*, 83

So. 517, 524 (Fla. 1919). Defendant argues that a signed check does not constitute sufficient acknowledgment.

In support of her position, Plaintiff relies upon case law that is distinguishable. First, in *Jacksonville*, the court was presented with a situation in which partial payments were made prior to the running of the statute of limitations. 197 So. 2d at 844-45. And while the court in *Jacksonville* noted that a court can infer the intent to repay from a partial payment, the requirement of acknowledgment is mandated by statute and must nevertheless be met under § 95.04. *In re Stewart*, 215 B.R. 633, 636 (Bankr. S.D. Fla. 1997). Second, in the cases in which the courts considered revival of time-barred debts, the nature of the written documents was such that the courts did not have to engage in conjunctive conjecture to conclude that the debts were expressly acknowledged. *See Whale Harbor Spa, Inc. v. Wood*, 266 F.2d 953, 954 (5th Cir. 1959) (time-barred debt listed as a liability on balance sheet of a corporate debtor); *Sebastian Enterps., Inc. v. Fla. First Nat. Bank at Vero Beach*, 345 So. 2d 827, 828 (Fla. 4th DCA 1977) (time-barred debt listed on corporation's balance sheet and tax return signed by corporate accountant); *Nolden v. Nolden*, 650 So. 2d 84, 85 (5th DCA 1995) (wife in divorce proceeding signed an affidavit acknowledging responsibility for time-barred debt, asking the court to allocate payment responsibility between her and her husband).

Plaintiff also relies upon the court's ruling in *Baez v. LTD Financial Services, L.P.*, No. 6:15-cv-1043-Orl-40TBS, 2017 WL 1291070, at *2 (M.D. Fla. Apr. 7, 2017). However, the Court finds *Baez* to be inapposite. Although the defendant made a similar argument, which the court ultimately rejected, the court in *Baez* also recognized that the defendant's argument confused the accuracy of the plaintiff's legal theory with the applicability of a case she relied upon in her pleading to support that theory. *Baez*, 2017 WL 1291070, at *2. The plaintiff in

*Baez* cited *Cadle Co.*, which as the Court has already noted, supports the proposition that partial payment before expiration of the statute of limitations tolls the statute. *Id*. In rejecting the defendant's argument, the court in *Baez* stated that "Defendant would have the Court enter summary judgment in its favor due to Plaintiff's singular mis-citation of legal authority in her Complaint, despite Plaintiff's clear and consistent enunciation of her legal theory of liability from the beginning of the case." *Id*. Indeed, the Eleventh Circuit agreed that the theory relied upon by the plaintiff in *Baez* is "not quite right" under Florida law, but determined that the defendant had notice that the plaintiff was proceeding under § 95.04. *Baez v. LTD Fin. Servs., L.P.*, --- F. App'x ----, 2018 WL 6434388, at *1 (11th Cir. Dec., 7, 2018).

Here, despite Plaintiff's citation to § 95.04 in the Complaint, the only "clear and consistent enunciation" of Plaintiff's legal theory is that partial payment on a time-barred debt revives the statute of limitations under Florida law. As the Court noted in its Order, Plaintiff's statement of Florida law is a legal conclusion, which the Court need not accept as true or construe in her favor. It is only in response to the instant Motion that Plaintiff argues for the first time that her theory is in fact that the payment coupon coupled with the signed check may be considered to be an acknowledgment of the outstanding debt sufficient to revive the statute. However, this is a new theory, for which Plaintiff has alleged no supporting facts. Indeed, upon review of the Complaint and its attachments, Plaintiff's allegations and attachments support only one theory -- that a signed check alone would revive the statute.

Thus, Plaintiff's only pled theory is based upon an incorrect statement of law. A partial payment alone does not revive the statute of limitations on a time-barred debt in Florida. Moreover, even if the Court were to entertain Plaintiff's new theory pairing coupon and payment, it would also fail. *See Woodham*, 83 So. at 718 ("[a] mere writing enclosing a check of

no stated amount, and for no purposes stated in such letter, and in no way referring to the debt or account set out in the bill of particulars, upon which plaintiffs sued, is not such an acknowledgment of or promise to pay as is required by the statute."); *In re Stewart*, 215 B.R. at 636 (letter enclosing $25.00 payment insufficient to satisfy § 95.04).

As a result, because a time-barred debt cannot be revived by partial payment alone under Florida law, then the least sophisticated consumer could not be misled by omission of language regarding the potential consequences of such payment. *Cf. Trichell v. Midland Credit Mgmt., Inc.*, No. 4:18-cv-00132-ACA, 2018 WL 4184570, at *4-5 (N.D. Ala., Aug. 31, 2018) (dismissing complaint where letter contained identical disclaimer language and partial payment alone does not revive statute of limitations on a time-barred debt under Alabama law). Accordingly, Plaintiff's FDCPA claim fails as a matter of law.

## IV. CONCLUSION

For the reasons set forth, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [30]**, is **GRANTED**. The Court will enter judgment by separate order. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 14th day of December, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record